ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (800) 616-9325
Facsimile:  (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiffs
MATTHEW BERGER and PATRICK SCHIEFFER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MATTHEW BERGER, and PATRICK SCHIEFFER,

                    Plaintiffs,

          vs.

COLUMBIA DEBT RECOVERY, LLC,

                    Defendant.

Case No:  2:24-cv-4240

**COMPLAINT FOR;**

**1.  Violations of the Fair Debt Collection Practices Act**

**2.  Violations of the Fair Credit Reporting Act**

**3. Violations Of The Consumer Credit Reporting Agencies Act**

JURY TRIAL DEMANDED

Plaintiffs Matthew Berger and Patrick Schieffer hereby complain against defendant Columbia Debt Recovery, LLC dba Genesis ("Genesis"), and allege as follows:

**<u>OPERATIVE FACTS</u>**

1.     Plaintiffs are two long-time friends who became roommates together, and signed a residential lease of an apartment in Oakland, California operated by Greystar, California, Inc.  On the day of plaintiffs' move-in on October 11, 2021, a fire broke out in the apartment and rendered it uninhabitable. Greystar blamed plaintiffs for the damage, and made a demand for unpaid rent on the burnt unit. Plaintiffs denied any liability for the fire and refused the demand.

2.     Greystar submitted a claim on Matthew Berger's renters insurance concerning the fire. Greystar agreed to accept for $37,451.92, in return for a release of all claims arising from the fire. On October 10, 2023, Greystar signed a release of plaintiffs Berger and Schieffer, releasing them from all claims or causes of action arising in any way from the "property damage and the consequences thereof" resulting from the fire loss. Greystar cashed the insurance company's payment.

3.     On November 7, 2023, despite just having released its claims against plaintiffs, Greystar hired defendant Genesis, a professional debt collection agency, to collect amounts Greystar asserted were owed due to the fire.

4.     Genesis emailed a demand letter to plaintiff Matthew Berger dated November 10, 2023 which violated the Fair Debt Collection Practices Act.  The letter demanded over $20,000, which was not an accurate amount. The majority of the amount demanded was for charges related to the fire which Greystar had released.

5.     In violation of 15 U.S.C. § 1692g(a)(4) and (5), Genesis' November 10, 2023 letter failed to state that (a) if plaintiff notified Genesis in writing that the debt was disputed within 30 days, Genesis would obtain verification of the debt; (b) that a copy of the verification would be mailed to plaintiff; and (c) that upon written

request within 30 days, Genesis would provide the name and address of the original creditor if different than the current creditor. The letter also violated 15 U.S.C. § 1692g, because it contained a demand for payment, and a checklist of reasons for the consumer to fill out why the debt was not being paid, which overshadowed the statutory disclosures concerning plaintiff's rights to dispute the debt and obtain verification.

6.      Genesis' November 10, 2023 letter violated 15 U.S.C. § 1692e and 1692f by falsely stating that plaintiffs owed $20,031.73, that the account bore interest at 7% per annum, and by threatening to communicate false information to the credit reporting agencies about the debt.

7.      Plaintiff Matthew Berger immediately requested proof of the debt, in writing.  Genesis responded with a letter dated November 13, 2023, and attached a copy of an alleged accounting from Greystar.

8.      Genesis' November 13, 2023 letter violated 15 U.S.C. § 1692e(11) by failing to disclose that it was from a debt collector.

9.      Genesis' November 13, 2023 letter violated 15 U.S.C. § 1692e and 1692f by falsely stating that plaintiffs owed $20,047.09, and that the account bore interest at 7% per annum.

10.      On November 30, 2023, plaintiff Matthew Berger sent an email to Genesis which stated "I don't owe this money and I am not going to pay it." This refusal to pay the alleged debt triggered a duty by Genesis to cease any further communication with plaintiff Berger. See 15 U.S.C. § 1692c(c).

11.      On December 1, 2023, the Norcal Family Law Group sent Genesis a letter disputing the debt on behalf of both plaintiffs. The letter explained that Greystar had released plaintiffs, and included a copy of the release.

12.      On February 19, 2024, Genesis sent a letter to plaintiff Matthew Berger stating that he owed $20,411.91, and offering to settle the debt for a 30% discount.

1      13.     Genesis' February 19, 2024 letter violated 15 U.S.C. § 1692c(c).

2      14.     Genesis' February 19, 2024 letter violated 15 U.S.C. § 1692e(11) by
3 failing to disclose that it was from a debt collector.

4      15.     Genesis' February 19, 2024 letter violated 15 U.S.C. § 1692e and
5 1692f by falsely stating that plaintiffs owed $20,411.91, that the account bore
6 interest at 7% per annum, and by threatening to communicate false information to
7 the credit reporting agencies about the debt.

8      16.     After learning of plaintiffs' dispute of the account, and in violation of
9 15 U.S.C. § 1692e(8), Genesis reported to the credit reporting agencies that
10 plaintiffs owed an unpaid debt of over $20,000, which was untrue.

11      17.     Both plaintiffs submitted disputes to the credit reporting agencies.  In
12 response to these disputes, Genesis verified to the credit reporting agencies that its
13 credit reporting was accurate, and the derogatory items remained on plaintiffs'
14 credit reports, where they remain today. Genesis failed to perform reasonable
15 investigations in response to plaintiffs' disputes, in violation of the Fair Credit
16 Reporting Act.

17                  **JURISDICTION AND VENUE**

18      18.     The court has original jurisdiction over this matter pursuant to 15
19 U.S.C. § 1681p, and 15 U.S.C. 1692k(d).  The court has supplemental jurisdiction
20 over the state law claims pursuant to 28 U.S.C. § 1367.

21      19.     Venue is proper in the Central District of California under 28 U.S.C. §
22 1391(b) because all defendants are residents of this state and district, under 28
23 U.S.C. § 1391(c)(2).

24                          **PARTIES**

25      20.     Plaintiffs are both natural persons over the age of 18 years and are
26 residents of the state of California.

27      21.     Defendant Columbia Debt Recovery, LLC is a Washington limited
28 liability company with its headquarters in Everett, Washington.

1
2

### FIRST CAUSE OF ACTION
**(Against Defendant Columbia for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

3
4

22.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

5
6
7
8
9
10

23.     Plaintiffs are each a "consumer" who allegedly owed a "debt", and defendant Columbia is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a.  Defendant Columbia uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11
12

24.     Defendant Columbia violated 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692g, as set forth above.

13
14
15

25.     Plaintiffs are entitled to any actual damages sustained by them as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

16
17
18
19
20

26.     Plaintiffs are each entitled to $1,000 in statutory damages against defendant Columbia pursuant to 15 U.S.C. § 1692k.  Defendant committed its violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA.  The nature of defendant's violations justifies the maximum statutory damages award available.

21
22

27.     Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

23

WHEREFORE, plaintiffs pray for relief as set forth below.

24
25

### SECOND CAUSE OF ACTION
**(Against Defendant Columbia for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.).**

26
27

28.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

28

29.     Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1681a(c).

4

Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

30.     Defendant Columbia violated 15 U.S.C. § 1681s-2(b)(1) by (1) failing to conduct a reasonable investigation into plaintiffs' credit reporting disputes; and (2) failing to review all relevant information provided by the credit reporting agencies concerning plaintiffs' disputes.

31.     Defendant's violations were willful.

32.     In the alternative, defendant's violations were negligent.

33.     Plaintiffs have suffered actual damages as a result of defendant's violations, and are entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

34.     Plaintiffs are entitled to actual damages or damages of between $100 and $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35.     Plaintiffs are entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

36.     Plaintiffs are entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiffs pray for relief as set forth below.

## THIRD CAUSE OF ACTION
**(Against Defendant Columbia for Violations of the Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1 et seq).**

37.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

38.     Defendant violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should know have known the information was incomplete or inaccurate.

39.     Plaintiffs have suffered actual damages as a result of defendant's unlawful acts, including but not limited to court costs, attorneys fees, and emotional distress.

40.     Defendant's violations of the Consumer Credit Reporting Agencies

5

Act were negligent, entitling plaintiffs to recover actual damages pursuant to Civil Code § 1785.31.

41.     Defendant's violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiffs to recover punitive damages of up to $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

42.     Plaintiffs are entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

43.     Plaintiffs have been aggrieved by a violation or threatened violation of Civil Code § 1785.25(a), and are therefore entitled to an injunction pursuant to Civil Code § 1785.31(b), to stop defendant from reporting further inaccurate information on plaintiffs' credit files.

WHEREFORE, plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury under the United States and

3   California constitutions.

4

5   Dated:  May 22, 2024                    Respectfully Submitted,

6                                           TRUEBLOOD LAW FIRM

7

8                                           By:  _____/s/_____

9                                                Alexander B. Trueblood

10                                          Attorneys for Plaintiffs
                                            MATTHEW BERGER and PATRICK
11                                          SCHIEFFER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7